UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVIISON

CASE NO.: 6:24-cv-2057

DELROY ANDERSON
　　　*Plaintiff*,

v.

GEOVERA SPECIALTY INSURANCE COMPANY
　　　*Defendant.*

_____/

## NOTICE OF REMOVAL

Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GeoVera"), hereby files its Notice of Removal of that certain cause of action now pending in the Ninth Judicial Circuit in and for Orange County, Florida, styled *DELROY ANDERSON vs. GEOVERA SPECIALTY INSURANCE COMPANY*, Case No.: 2024-CA-008490-O, stating as follows:

## BACKGROUND

1.　　This litigation is based upon a civil action brought by Plaintiff, DELROY ANDERSON ("Plaintiff") seeking to recover damages in excess of $50,000, plus interest, costs, and attorney's fees under a contract for insurance issued by GeoVera to Plaintiff. *See generally Plaintiff's Complaint attached hereto as Exhibit "A".*

2.　　This action commenced in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Service of process was effected on GeoVera on October 22, 2024.

3. GeoVera issued a homeowner's insurance policy bearing policy number GC00027602 ("Policy") to DELROY ANDERSON, for real property located at 1816 Rendale Drive, Orlando, Florida 32805. *See a true and correct copy of the subject policy attached hereto as Exhibit "B".*

## AMOUNT IN CONTROVERSY

4. According to the Complaint, Plaintiff is seeking payment for losses allegedly incurred to real property on September 28, 2022, which Plaintiff alleges is owed under the subject Policy, plus attorney's fees, costs and interest. *See Exhibit "A".*

5. With regard to the amount in controversy, Plaintiff's Complaint does not plead a specific amount of damages and, instead, only alleges that damages exceed $50,000.00, exclusive of interest, costs, and attorney's fees. *See Exhibit "A" at paragraph 1.* Thus, the amount in controversy was not evident on the face of the Complaint.

6. Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

7. However, a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). To meet their burden, defendants may offer additional evidence to demonstrate that removal is proper. *Balkum v. Pier 1 Imports (U.S.), Inc.*, No. 6:17-CV-1299-ORL-37DCI, 2017 WL 3911560, at *2 (M.D. Fla. Sept. 7, 2017)(citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).

8.      Prior to the instant litigation, GeoVera received Plaintiff's Notice of Intent to Initiate Litigation ("NOI") which listed the amount of damages as $83,952.00. *See Plaintiff's Notice of Intent to Initiate Litigation attached hereto as Exhibit "C".*

9.      The damages were based upon four individual estimates which were attached to Plaintiff's NOI and totaled $83,952.35, as follows:

   a.  An estimate for repairs prepared by Supreme Claim Consultants dated March 14, 2024, totaling $58,296.89. *See estimate[1] attached hereto as Exhibit "D".*

   b.  An estimate for temporary tarp installation prepared by Great 22 Restoration dated March 1, 2024, totaling $11,210.40. *See estimate[2], attached hereto as Exhibit "E".*

   c.  An estimate to detach and reset the temporary tarp prepared by Great 22 Restoration dated March 11, 2024, totaling $3,000.00. *See estimate[3], attached hereto as Exhibit "F".*

   d.  An estimate for mold remediation prepared by Great 22 Restoration totaling $11,445.06. *See estimate[4] attached hereto as Exhibit "F".*

10.     Based on the allegations contained in the Complaint, Plaintiff is alleging that GeoVera failed to adjust the Loss and failed to properly respond to pre-suit

---

[1] Photographs were omitted from the estimate for purposes of this filing.
[2] Photographs were omitted from the estimate for purposes of this filing.
[3] Photographs were omitted from the estimate for purposes of this filing.
[4] Photographs were omitted from the estimate for purposes of this filing.

settlement demand in breach of the Policy, and that Plaintiff suffered damages as a result. Therefore, it appears that Plaintiff is alleging that $83,952.35 is owed to Plaintiff, not including interest, court costs, and attorneys' fees. GeoVera denies this allegation and disputes that any additional amount is owed to Plaintiff.

11.    Prior to the instant litigation, GeoVera conducted an inspection of the loss and determined that none of the damages claimed were covered under the Policy; however, GeoVera issued an expense payment to Plaintiff in the amount of $1,278.00 for the reasonable cost to detach at reset Plaintiff's roof tarp for the purpose of inspection.

12.    The Plaintiff alleges the damage to the property sustained on or about September 28, 2022, resulted from Hurricane Ian. Thus, the applicable windstorm deductible under the Policy is $7,350.00.

13.    The total damages claimed by Plaintiffs $83,952.35, less the amount GeoVera previously paid towards the claim $1,278.00, less the applicable deductible $7,350.00, brings the total amount in controversy to $75,324.35.

14.    Additionally, Plaintiff has made a claim for attorneys' fees and costs. *See Exhibit "A" at paragraph 17.*

15.    When a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy can include consideration of the amount of those fees. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir.1971). *Francis v. Allstate Ins. Co.*, 709 F.

3d 362, 368 (4th Cir. 2013). *See also, Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008).

16.    The amount in controversy herein therefore exceeds the sum of $75,000.00, exclusive of interest, attorney's fees and costs. This fact is demonstrated by Plaintiff's Notice of Intent to Initiate Litigation, the estimates attached thereto, as well as the extent of damage claimed by Plaintiff's Complaint.

## CITIZENSHIP OF THE PARTIES

17.    In order for federal diversity jurisdiction to attach, there must be "complete diversity," that is, each defendant must be a citizen of a state different from that of each Plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Palmer v. Hospital Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

18.    An individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  *Id.* at 1257–58 (citation and internal quotation marks omitted).

19.    In determining domicile, a court should consider both positive evidence and presumptions. *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 352 (1874). One such presumption is that the state in which a person resides at any given time is also that person's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954). *See generally*, 13B Charles Ala Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3612.

20.     Facts frequently taken into account include but are not limited to: current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of taxes. *Garcia v. American Heritage Life Ins. Co.*, 773 F.Supp. 516, 520 (D.P.R. 1991); 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3612.

21.     A corporation is deemed to be a citizen of every State in which it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

22.     GeoVera is a surplus lines insurer in the State of Florida.  GeoVera is a Defendant in the above-styled cause. *See GeoVera's Company Details obtained from Florida Office of Insurance Regulation's website[5]  attached here as Exhibit "H."*

23.     GeoVera is incorporated under the laws of Delaware with its principal place of business located in California. Therefore, GeoVera is a Citizen of Delaware and California.

24.     Based on the most recent deed, Plaintiff, DELROY ANDERSON, owns the subject property located at 1816 Rendale Drive, Orlando, Florida 32805, jointly with NEWTON ANDERSON, who is not a party to this action. DELROY ANDERSON and NEWTON ANDERSON own the subject property as joint tenants with a right of survivorship. *See property deed attached hereto as Exhibit "I."*

---

[5] *Florida Office of Insurance Regulation,* https://floir.com/.

25.     Plaintiff, DELROY ANDERSON's active voter registration record lists the address of 1816 Rendale Drive, Orlando, Florida 32805. *See copy of Florida's Active Voter Registration Results for Delroy Anderson attached hereto as Exhibit "J".*

26.     NEWTON ANDERSON, joint owner and non-party to this action, is also domiciled in the State of Florida and is a citizen of the State of Florida for purposes of diversity jurisdiction, as evidenced by the public records of the Osceola County Property Appraiser, which shows NEWTON ANDERSON claims 3009 Madelia Lane, Kissimmee, Florida 34744 as his homestead for tax exemption purposes. *See Property Record Card from Osceola County Property Appraiser and property deed attached hereto as Exhibit "K".*

27.     Upon information and belief, at the time this cause of action accrued, both DELROY ANDERSON and NEWTON ANDERSON were married, and thus each of their spouses potentially have an interest in the subject litigation. However, all persons who potentially have an interest in the subject litigation along with Plaintiff are domiciled in the State of Florida, as follows:

28.     MARIE BEATRICE ANTOINE, who was married to Plaintiff at the time this cause of action accrued, is domiciled in the State of Florida as evidenced by her active voter registration record. *See attached Exhibit "L".*

29.     TENESHA DEANDRA ALI, who was married to NEWTON ANDERSON at the time this cause of action accrued, is domiciled in the State of Florida as evidenced by the public records of the Osceola County Property Appraiser, which shows

TENESHA DEANDRA ALI claims 3009 Madelia Lane, Kissimmee, Florida 34744 as her homestead for tax exemption purposes. *See Exhibit "K".*

30.    Plaintiff, DELROY ANDERSON, at all material times, was and is currently domiciled in the state of Florida in that Plaintiff currently resides in and intends to remain in the state of Florida, as evidenced by his active voter registration. *See Exhibit "J".* Therefore, Plaintiff is a citizen of the State of Florida.

31.    MARIE BEATRICE ANTOINE, at all material times, was and is currently domiciled in the state of Florida in that MARIE BEATRICE ANTOINE currently resides in and intends to remain in the state of Florida, as evidenced by her active voter registration record. *See attached Exhibit "L".*

32.    NEWTON ANDERSON, at all material times, was and is currently domiciled in the state of Florida in that NEWTON ANDERSON currently resides in and intends to remain in the state of Florida, as evidenced by public records showing NEWTON ANDERSON claims 3009 Madelia Lane, Kissimmee, Florida 34744 as his homestead for tax exemption purposes. *See Exhibit "K".*

33.    At the time this action was commenced, at the present time, and at all times material to this action, Plaintiff was a citizen of the state of Florida, and GeoVera is a citizen of Delaware and California.  Therefore, Complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

34.    Copies of all process, pleadings and orders served upon GeoVera, and such other papers or exhibits as are required by Local Rules of Court, are filed herein, with the exception of discovery served with the Complaint.

**WHEREFORE**, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, prays that this Honorable Court exercise jurisdiction over this matter.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on **November 11, 2024**, I electronically filed the foregoing with the Clerk of Court by using CM/ECF who will send notice of this electronic filing to: Kevin Weisser, Esq., Weisser, Elazar & Kantor, PLLC, <u>Service@WEKLaw.com</u>, <u>KW@WEKLaw.com</u>, and <u>JK@WEKLaw.com</u> (attorneys for Plaintiff).

*LUCIE A. ROBINSON, PLLC*
Attorneys for Defendant
111 North Orange Avenue, Suite 800
Orlando, FL 32801
Main: (407) 554-5836
Fax: (407) 337-1572
*/s/ Lucie A. Robinson*
LUCIE A. ROBINSON, ESQUIRE
Florida Bar No. 113088
Email: <u>service@larlegalgroup.com</u>